UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MARY L. CARROLL,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff is a citizen of Florida.

2. Defendant NCL (BAHAMAS) LTD. (hereinafter "NCL"), is a foreign entity with its principal place of business in Miami, Florida.

3. This matter falls under the admiralty and maritime jurisdiction of this Court.

    a. The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because NCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

4. Defendant NCL, at all times material hereto, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or country;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the navigable waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081(5), 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Getaway*.

5. At all times material hereto, Defendant NCL is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Laws of the United States.

7. At all times material hereto, Defendant NCL owned, operated, managed, maintained and/or controlled the *Getaway* ("the vessel").

8. On or about January 11, 2017, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9. On or about January 11, 2017, the Plaintiff was disembarking the vessel in Harvest Cay Belize, NCL's private island, Plaintiff suffered serious personal injuries when she slipped and fell on a wet, slippery and/or hazardous flooring surface on the vessel gangway.

**COUNT I – NEGLIGENCE
AGAINST DEFENDANT NCL**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. It was the duty of NCL to provide Plaintiff with reasonable care under the circumstances.

11. On or about January 11, 2017, NCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. Plaintiff was injured due to the fault and/or negligence of NCL and/or its agents, servants, joint ventures and/or employees as follows:

   a. Failure to provide passengers, including Plaintiff, with a walking area free of slipping hazards, and/or;

   b. Failure to select and/or maintain a reasonably safe walking surface, in light of its anticipated purpose; and/or

   c. Failure to inspect the subject gangway prior to allowing passengers to walk on it; and/or

   d. Failure to adequately monitor the subject gangway in order to maintain it in a reasonably safe condition prior to Plaintiff walking on it; and/or

   e. Failure to adequately monitor and/or assist the Plaintiff in walking on the subject gangway; and/or

   f. Failure to warn Plaintiff of slip and fall hazards while walking on the subject gangway; and/or

   g. Failure to promulgate and/or enforce adequate policies and procedures regarding inspecting and/or monitoring and/or maintaining the subject gangway in a clean and safe condition; and/or

h.  Failure to promulgate and/or enforce adequate policies and procedures regarding closing off and/or warning passengers of the subject gangway when it was in an unsafe condition; and/or

i.  Failure to maintain a reasonably safe walking area where Plaintiff slipped and fell; and/or

j.  Failure to identify the slipping hazard(s) which caused Plaintiff to slip and fall; and/or

k.  Failure to adequately inspect the area where Plaintiff suffered her accident; and/or

l.  Failure to adequately clean and/or dry the subject gangway; and/or

m.  Failure to select adequate gangway surface in light of its intended purpose; and/or

n.  Failure to identify the inadequacy of gangway surface in light of its intended purpose within a reasonable amount of time; and/or

o.  Failure to change and/or correct the inadequacy of the gangway surface in light of its intended purpose within a reasonable amount of time; and/or

p.  Failure to adequately inspect the gangway surface to determine its adequacy in light of its intended purpose within a reasonable amount of time; and/or

q.  Failure to warn Plaintiff of the slipping hazard(s) posed to her; and/or

r.  Failure to warn Plaintiff of the risk(s) and/or hazard(s) posed to her due to the lack of adequate maintenance and inspection of the area where she suffered her accident; and/or

s.  Failure to maintain the area, where Plaintiff suffered her accident, in a reasonably safe condition; and/or

t.  Failure to correct the hazard(s) which caused Plaintiff to suffer her accident; and/or

    u. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her accident; and/or

    v. Failure to close off access to the area where Plaintiff suffered her accident, and/or

    w. Failure to adequately conduct disembarkation of the ship in a reasonably safe manner; and/or

    x. Failure to adequately supervise disembarkation of the ship so as to ensure it was done in a reasonably safe manner; and/or

    y. Failure to test gangway surface to ascertain coefficiency of friction to determine whether gangway surface was reasonably safe; and/or

    z. Failure to ascertain whether gangway surface meets applicable standards, such as ASTM F1166; and/or

    aa. Failure to ascertain the cause of prior similar accidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident.

13. At all times material hereto, NCL had exclusive custody and control of the vessel.

14. At all times material hereto, NCL had exclusive custody and control of the subject gangway.

15. At all times material hereto, NCL violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

16. At all times material hereto, NCL failed to have an adequate Safety Management System Manual aboard the vessel, and/or failed to properly implement the Safety Management System Manual aboard the vessel.

17. As a result, all of the above caused and/or contributed to Plaintiff being injured when she suffered a slip and fall accident.

18. NCL knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that NCL, in the exercise of reasonable care under the circumstances, should have learned of the conditions and corrected them.

19. As a result of the negligence of NCL, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  Plaintiff also lost the benefit of her entire vacation, cruise and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE,** the Plaintiff CARROLL, demands judgment against Defendant NCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and demands trial by jury of all issues so triable under the provisions of Fed. R. Civ. P.39 and the stipulations contained in *Leslie v. NCL Corp.*, 22 So.2d 561 (Fla. 3d DCA 2008), as well as any further relief as this Court deems just and appropriate.

> LIPCON, MARGULIES, ALSINA
> & WINKLEMAN, P.A.
> Attorneys for Plaintiff
> One Biscayne Tower, Suite 1776
> Miami, Florida 33131
> Telephone: (305) 373 – 3016
> Facsimile:  (305) 373 – 6204

      By: */s/Michael A. Winkleman*
         **MICHAEL A. WINKLEMAN**
         Florida Bar No. 36719
         **MARC E. WEINER**
         Florida Bar No. 91699